# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **J.S. and C.S.**

**No. 17-0017** (Marion County 16-JA-148 & 16-JA-149)

**FILED**

**June 16, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother J.H., by counsel Michelle L. Minutelli, appeals the Circuit Court of Marion County's December 23, 2016, order accepting her voluntarily relinquishment and terminating her parental rights to J.S. and C.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Ashley Joseph Smith, filed a response on behalf of the children in support of the circuit court's order.[2] On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2016, the DHHR filed an abuse and neglect petition against the children's parents. The DHHR noted that it received a referral that petitioner had a history of heroin abuse and continued to abuse controlled substances endangering the children. Petitioner was said to inject drugs into her legs and leave needles around the house where the children reside. It was also reported that one of the injection marks on petitioner's legs was infected, red, and "oozing"

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The guardian's response to this Court, which was filed as a summary response pursuant to Rules 10(e) and 11(h) of the Rules of Appellate Procedure, fails to include a section regarding the status of the child. This information is of the utmost importance to this Court. We refer the guardian to Rule 11(i) of the Rules of Appellate Procedure, which requires "briefs filed by the parties (including the guardian ad litem)" in abuse and neglect appeals to contain a section on the current status of and permanency plans for the children and the current status of the parental rights of all of the children's parents.

1

and that the young children "grab onto her legs." According to the petition, C.S. informed a Child Protective Services worker that "when mommy takes her medicine she sticks needle things in her leg and they are poky" and that "mommy does not let me look at her when she is giving herself medicine." The DHHR also obtained medical notes wherein a doctor reported that petitioner sought a prescription for benzodiazepines, but the doctor concluded that she was "drug seeking[.]" Thereafter, petitioner waived her preliminary hearing, and the matter was scheduled for adjudication.

In October of 2016, the circuit court held an adjudicatory hearing.[3] At that time, petitioner stipulated to the abuse and neglect of her children, as alleged in the petition.

On the date of the dispositional hearing in December of 2016, the guardian submitted a written report and recommendation regarding disposition. In addition to other concerns, the guardian noted in her report that petitioner was incarcerated in late November on a felony charge of possession of a controlled substance with the intent to deliver. Based on the circumstances, the guardian recommended that the circuit court terminate petitioner's parental rights to the children. At the hearing, petitioner moved for a post-adjudicatory improvement period. The circuit court denied that motion. Petitioner then stated her intention to voluntarily relinquish her parental rights to the children. She was placed under oath and entered her voluntary relinquishment. The circuit court accepted the same.

By order entered on December 23, 2016, the circuit court found that petitioner's relinquishment was voluntary; that petitioner understood the consequences of her relinquishment; and that her relinquishment was in the children's best interests. As such, the circuit court terminated petitioner's parental rights to the children.[4] This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

[3]No transcripts of any hearings are included in the appendix record.

[4]The parental rights of both parents were terminated below. According to the DHHR, the children are placed together with their paternal grandparents. The children's permanency plan is adoption into that home.

2

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period, resulting in her voluntary relinquishment of her parental rights to the children. At the outset, we note that petitioner's brief fails to contain a single citation to the record on appeal or to any legal authority in support of her argument. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, then-Chief Justice Menis E. Ketchum specifically noted that "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . . ' as required by rule 10(c)(7)" are not in compliance with this Court's rules.

Here, petitioner's brief is wholly inadequate. Thus, petitioner's assignment of error was not properly developed on appeal. Nonetheless, this Court has reviewed the parties' arguments and the record on appeal and determined that petitioner's argument does not warrant the relief she seeks.

Our law is clear that when a parent relinquishes her parental rights to children, she may only raise error as to the validity of that relinquishment based on fraud or duress. *See* W.Va. Code § 49-4-607 (providing that "[a]n agreement of a natural parent in termination of parental rights is valid if . . . entered into under circumstances free from duress and fraud"); Syl. Pt. 3, *In re: Cesar L.*, 221 W.Va. 249, 654 S.E.2d 373 (2007) (holding that a "voluntary relinquishment is valid pursuant to W.Va. Code § 49-6-7 [now § 49–4-607] if the relinquishment is . . . 'entered into under circumstances free from duress and fraud.'"); *State ex rel Rose v. Pancake*, 209 W.Va. 188, 191, 544 S.E.2d 403, 406 (2001) (explaining that "[w]hether there has been fraud or duress is a question of fact that must be determined by the circuit court judge").

Further, Rule 46 of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings lists the parties who may move for modification of a dispositional order. That list specifically excludes parents whose parental rights have been terminated. *See* W.Va. Code 49-4-606 (providing procedure for modification of dispositional orders in abuse and neglect proceedings). This Court has explained that

3

[a] person whose parental rights have been terminated by a final order, as the result of either an involuntary termination or a voluntary relinquishment of parental rights, does not have standing as a "parent," pursuant to W.Va. Code § 49-6-6 (1977) (Repl.Vol.2004) [now § 49-4-606], to move for a modification of disposition of the child with respect to whom his/her parental rights have been terminated.

*In re Cesar L.*, 221 W.Va. 249, 654 S.E.2d 373, syl. pt. 6.

In the instant appeal, petitioner does not challenge her relinquishment based on fraud or duress. To the contrary, she does not dispute that she freely and voluntarily entered into her relinquishment. The circuit court's termination order clearly provides that petitioner, under oath, freely and voluntarily relinquished her parental rights to the children and understood the consequences thereof. Further, petitioner lacks standing to move to modify that termination order, pursuant Rule 46 and our holding in *In re Cesar L.* Because petitioner does not properly challenge the termination order and may not move to modify the same, we find that she is entitled to no relief. Even a favorable ruling by this Court on the denial of her improvement period would avail her nothing, as it would not relieve her from the termination of her parental rights. See Syl. Pt. 1, in part, *State ex rel. McCabe v. Seifert*, 220 W.Va. 79, 640 S.E.2d 142 (2006) (holding that "abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court"). Consequently, we find that petitioner's assignments of error warrant no relief, as they are improperly developed and not cognizable by this Court.[5]

For the foregoing reasons, the circuit court's December 23, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: June 16, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[5]We further note that no written motion for an improvement period appears in the record on appeal. A review of the docketing sheet in this case reveals that no such motion was filed. West Virginia Code § 49-4-610(2)(A) provides that a written motion must be filed before an improvement period may be granted in abuse and neglect proceedings.